BEFORE THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION


IN RE: LUMBER LIQUIDATORS CHINESE-MANUFACTURED FLOORING
PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY
LITIGATION

 **MDL - 2627**

**PLAINTIFF KERRY CONSTATINE'S RESPONSE AND MEMORANDUM OF LAW IN PARTIAL OPPOSITION TO MOTION TO TRANSFER RELATED ACTIONS FOR CONSOLIDATED PRE-TRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

**TABLE OF CONTENTS**

I. INTRODUCTION AND BACKGROUND........................................................................ 2

II. SUMMARY OF ARGUEMENT ...................................................................................  4

III. STATEMENT OF FACTS ………………………………………………………………… 4

IV. PROCEDURAL POSTURE ……………………………………………………………... 5

V. ARGUMENT ……………........................................................................................................ 5

    A. Coordination Pursuant to 28 U.S.C. § 1407 is Appropriate Because the Pending Actions Involve Common Questions of Fact ……………………………………………………. 5

    B. Consolidation or Coordination Serves Judicial Economy, Efficiency of Pretrial Proceedings in the Actions, and the Convenience of Parties and Witnesses. ………....................................................................................................................... 7

    C. The Related Actions Should be Transferred to the Northern District of Florida for Coordination or Consolidation. ……………………………..……………………..…... 9

VI. CONCLUSION........................................................................................................................10

I.  INTRODUCTION AND BACKGROUND

On March 9, 2015, Plaintiffs in the case *Conte et al., v. Lumber Liquidators, Inc., et al.*, 3:15-cv-01012 (N.D. Cal.), submitted to this Panel a Motion and Memorandum in Support of Motion for Transfer of Actions to the Northern District of California for Consolidation of all Pretrial Proceedings Pursuant to 28 U.S.C. § 1407. Plaintiffs, Kerry Constantine, *et al.* ("Plaintiffs") disagrees that the Northern District of California is the most appropriate transferee forum.

The Related Actions allege that the same defendants, Lumber Liquidators, Inc. and its affiliated companies (hereinafter "Lumber Liquidators" or "Defendants") sell various Chinese-made Flooring Products at their retail stores across the country. Several investigations have shown that Defendants' Chinese-made Flooring Products emit dangerous levels of formaldehyde. Exposure to high levels of formaldehyde can be irritating to the eyes, nose, and throat, can cause long-term respiratory problems and may elevate risk of cancer. *See Constatntine* Complaint ("comp."), ¶¶ 9-16. The packaging for each of Defendants' Chinese-made Flooring Products state, in a uniform manner, that the products are, "CARB 2 Compliant for Formaldehyde." This means that the products are in compliance with the California's Air Resource Board's ("CARB") regulations regarding formaldehyde emissions. Pursuant to the CARB regulations, no medium density fiberwood product, such as laminate flooring, can be sold in California if it emits more than 0.13 parts per million formaldehyde.[1]

Recently, 60 Minutes conducted an investigation into Defendants' Flooring Product. 60 Minutes tested 31 unique samples of several of Defendants' Flooring Products at independent, reputable laboratories. The results revealed that almost none of the Chinese-made Flooring

---

[1] See Title 17 of the California Code of Regulations Sections 93120-93120.12.

2

products were compliant with CARB regulations and that some of the samples exceeded formaldehyde emissions be more than 13x the limit set by CARB. 60 Minutes then sent its investigative news team to three factories in China that produce Defendants' Flooring Products. There, managers admitted on camera that Defendants' Flooring Products are falsely labeled as being CARB compliant.[2] Based on the 60 Minutes report and other earlier investigations, at least ten class action lawsuits have been filed across the country alleging that Defendants have violated various consumer fraud statutes.

For the purpose of increasing sales, Defendants have engaged in a scheme to deceive and defraud consumers by misrepresenting the true nature of their Flooring Products; Defendants have represented that their Flooring Products are safe and compliant with CARB regulations. These statements are false, given the formaldehyde emissions. The consumer protection statutes of all fifty states and the District of Columbia prohibit Defendants from engaging in their current deceptive and unfair trade practices by selling and marketing their Flooring Product as being safe and "CARB 2 Compliant for Formaldehyde." As a result of Defendants' misrepresentations, Plaintiff and the class have suffered out-of-pocket losses, did not receive the benefit of the bargain, and have been damaged.

The complaints allege that Defendants' intentional false statements concerning the true nature of the safety of their Flooring Product violate state law. The Related Actions further allege that the Defendants' conduct renders the Flooring Product illegally misbranded and illegal to manufacture, distribute, or sell to consumers. All of the complaints in the Related Actions allege violations of state laws prohibiting deceptive trade practices. Specifically, all of the

---

[2] *Lumber Liquidators Linked to Health and Safety Violations*, 60 MINUTES (Mar. 1, 2015), *available at* http://www.cbsnews.com/news/lumber-liquidators-linked-to-health-and-safetyviolations/ (last visited March 4, 2015).

Related Actions allege violations of State consumer protection statutes, breach of express warranties, and/or unjust enrichment. The Related Actions raise common issues of law and fact regarding the deceptive, false, and misleading advertising, marketing and labeling of Defendants' Flooring Product to be "CARB 2 Compliant for Formaldehyde." Transfer and consolidation or coordination of the cases to the Northern District of Florida, where the first-filed action currently is pending, would serve the convenience of the parties and witnesses and promote the just and efficient prosecution of these actions.

## II. SUMMARY OF ARGUMENT

Transfer and coordinated proceedings are appropriate when: (i) actions involving one or more common questions of fact are pending in different districts, (ii) transfer and coordination will serve the convenience of the parties and witnesses, and transfer "will promote the just and efficient conduct" of the proceedings, and (iii) transfer and coordination will serve "the convenience of parties and witnesses." 28 U.S.C. § 1407(a). As set forth below, each of the criteria is satisfied here. Plaintiff respectfully moves the Panel to centralize the related actions alleging claims for damages caused by Defendants' scheme to deceive and defraud consumers by misrepresenting the safety of their Flooring Products by promising consumers that these Flooring Products are "CARB 2 Compliant for Formaldehyde." Plaintiff respectfully requests that the Related Actions, as well as any tag along actions, be centralized in the United States District Court for the Northern District of Florida, before the Honorable Robert L. Hinkle. Alternatively, Plaintiffs request transfer and consolidation in the Eastern District of Louisiana.

## III. STATEMENT OF FACTS

All cases listed in the accompanying Schedule of Actions are in the preliminary stages of litigation. No depositions have taken place, and no trials are scheduled in these matters.

4

## IV. PROCEDURAL POSTURE

To date, the *Constantine* case is one of eleven substantially similar actions (collectively, the "Related Actions") that have been filed in eight different federal districts as follows:

1. *Conte, et al. v. Lumber Liquidators, Inc., et al.*, Case No. 4:15-cv-01012-JST (N.D. Cal.)

2. *Balero, et al. v. Lumber Liquidators, Inc., et al.*, Case No. 4:15-cv-01005-EMC (N.D. Cal.)

3. *Badias, v. Lumber Liquidators, Inc., et al.*, Case No. 1:15-cv-20876-RNS (S.D. Fla.)

4. *Caiola, v. Lumber Liquidators, Inc., et al.*, Case No. 4:15-cv-00037-BR (E.D. N.C.)

5. *Bloomfield, v. Lumber Liquidators, Inc., et al.*, Case No. 1:15-cv-01956 (N.D. Ill.)

6. *Hurd, et al. v. Lumber Liquidators, Inc.,* Case No. 5:15-cv-00424-JGB-SP (C.D. Cal.)

7. *Tyrrell, et al. v. Lumber Liquidators, Inc.,* Case No. 2:15-cv-01615-JFW-PLA (C.D. Cal.)

8. *Martin, v. Lumber Liquidators, Inc., et al.*, Case No. 5:15-cv-00233-C (W.D. Okla.)

9. *Constantine, v. Lumber Liquidators, Inc., et al.*, Case No. 4:15-cv-00130-RH-CAS (N.D. Fla.)

10. *Ezovski, et al. v. Lumber Liquidators, Inc., et al.*, Case No. 4:15-cv-01074-PSG (N.D. Cal.)

11. *Pinelly, et al. v. Lumber Liquidators, Inc.,* Case No. 2:15-cv-780 (E.D. Louisiana.)

## V. ARGUMENT

### A. Coordination Pursuant to 28 U.S.C. § 1407 is Appropriate Because the Pending Actions Involve Common Questions of Fact

Plaintiff agrees that the Related Actions should be transferred for coordinated or consolidated pre-trial proceedings pursuant to 28 U.S.C. § 1407. Section 1407(a) authorizes the transfer of civil actions in different federal district courts involving common questions of fact to a single federal district court for coordinated or consolidated pretrial proceedings. The purpose

of such transfers is to serve the convenience of the parties and witnesses and to promote just and efficient litigation. 28 U.S.C. § 1407.

When two or more complaints assert comparable allegations against an identical defendant based on similar transactions and events, common factual questions are presumed. *See In re: Air W., Inc. Sec. Litig.*, 384 F.Supp. 609, 611 (J.P.M.L. 1974) (citing *In re: Professional Hockey Antitrust Litig.*, 369 F.Supp. 1119 (J.P.M.L. 1974); *In re: Seeburg-Commonwealth United Merger Litig.*, 362 F.Supp. 568 (J.P.M.L. 1973). Additionally, the presence of individualized factual issues in the pending cases is not a barrier to transfer and consolidation under Section 1407 as it "does not require a complete identity or even a majority of common factual issues as a prerequisite to centralization." *In re: Zimmer Durom Hip Cup Prods. Liab. Litig.*, 717 F. Supp. 2d 1376, 1378 (J.P.M.L. 2010); see also *In re: North Sea Bent Crude Oil Futures Litig.*, 2013 WL 5701579 (J.P.M.L. 2013) (quoting *In re: Park West Galleries, Inc., Litig.*, 887 F.Supp.2d 1385, 1385 (J.P.M.L. 2012)).

Pursuant to 28 U.S.C. § 1407 (a) the above actions should be coordinated and Consolidated. 28 U.S.C. § (a) provides, in relevant part:

> When civil actions involving one or more common questions for fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on the Multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

The litmus test of transferability and coordination under § 1407 is the presence of common questions of fact. *In re: Fed. Election Campaign Act Litig.*, 511 F. Supp. 821, 823 (J.P.M.L. 1979). Common questions are presumed "where two or more complaints assert comparable allegations against identical defendants based on similar transactions and events." *In*

*re: Air West, Inc., Securities Litig.,* 384 F. Supp. 609, 611 (J.P.M.L. 1974); *See also In re: Cuisinart Food Processor Antitrust litig.,* 506 F. Supp. 651, 654-655 (J.P.M.L 1981).

The Related Actions should be transferred for coordination or consolidation because they allege essentially the same unlawful, false and deceptive advertising, marketing and product labeling relating to Defendants' products. The Related Actions allege that the same Defendants committed the false labeling during the same period of time and based on the same underlying facts. The Related Actions involve multiple common questions of fact and law including, but not limited to: (1) whether the Defendants' conduct constitutes a breach of express warranty; (2) whether Defendants violated the common law of unjust enrichment; and (3) the nature and extent of damages and other remedies to which the Class members are entitled. Thus, coordination or consolidation will result in significant savings and efficiencies by avoiding repetitive discovery and motion practice, as well as potentially inconsistent pretrial rulings. *See In re: North Sea Brent Crude Oil Futures Litig.*, 2013 WL 5701579 (J.P.M.L. 2013).

**B.  Consolidation or Coordination Serves Judicial Economy, Efficiency of Pretrial Proceedings in the Actions, and the Convenience of Parties and Witnesses.**

Transfer under Section 1407 is proper "in order to prevent duplication of discovery, eliminate the possibility of conflicting pretrial rulings, and conserve the efforts of the parties, witnesses and the judiciary." *In re Cuisinart Food Processor Antitrust Litig.*, 506 F. Supp. at 655. Coordination of these actions would spare the parties the significant time and expense associated with traveling for hearings and depositions in multiple jurisdictions and preparing filings and discovery for numerous separate proceedings. *Polychloroprene Rubber Antitrust Litig.*, 360 F. Supp. 2d 1348, 1351 (J.P.M.L. 2005) (coordination is necessary to conserve the parties' resources). Transfer and coordination is also necessary to avoid duplication of both the courts' and the parties' efforts. *In re: Cuisinart Food Processor Antitrust Litig.*, 506 F. Supp.

7

651, 655 (J.P.M.L. 1981). Litigating these actions separately would give rise to duplicative discovery, briefing, and hearings, forcing the parties in each case to independently proceed through portions of the case they could otherwise proceed through collectively and forcing multiple courts to handle proceedings that could be handled by one court. Discovery with respect to the Related Actions will involve the same oral testimony and documentary evidence relating to the same alleged conduct. Accordingly, the coordination or consolidation of these Related Actions, all of which are putative nationwide class actions, would avoid duplicative, redundant and costly discovery proceedings, including repetitive motion practice and potentially conflicting discovery and other pretrial rulings. *See in re Amino Acid Lysine Antitrust Litig.*, 910 F. Supp. 696, 698 (J.P.M.L. 1995) ("Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to class certifications), and conserve the resources of the parties, their counsel and the judiciary."); *see also In re Multi-Piece Rim Prod. Liab. Litig.*, 464 F. Supp. 969, 974 (J.P.M.L. 1979).

The transfer of actions to a single forum under §1407 is appropriate where, as here, it will prevent duplication of discovery and eliminate the possibility of overlapping or inconsistent pleading determinations by courts of coordinate jurisdictions. *In re: Silicone Breast Implants Liability Litig.* 793 F. Supp. 1098, 1100 (J.P.M.L. 1992) (The Multidistrict panel found that common questions exist as long as the different manufacturers all designed similar defective products). *See also*, *In re: Humana Inc. Managed Care Litig.,* 2000 WL 1952080 (J.P.M.L. August 4, 1994) (common questions of law and fact existed even when defendants included different health care insurers.); *In re: Orthopedic Bone Screw Products Liability Litig.,* (MDL 1014) (J.P.M.L. August 4, 1992); and *In re: Phenylpropanolamine (PPA) Products Liability Litigation,* at p.2 (MDL 1407) (J.P.M.L. 2001).

Given the similarity of the issues raised in the pending actions and the varying procedural dispositions of the actions, the possibility of overlapping and inconsistent pleading determinations is likely if the actions are not centralized for coordinated pretrial proceedings. Judicial coordination of the attendant discovery and review of pretrial proceedings will streamline the actions' course, promoting the most efficient use of resources for the parties and the federal bench. Centralization of these actions will ease the burden on the individual parties, their attorneys, and presiding judges by distributing the workload into a more manageable, structured proceeding. Transfer of the above-referenced actions to Florida serves the convenience of parties and witnesses because the proposed transferee court is a geographically central locations for those cases currently pending and are the situs for cases already pending. In addition, Florida is the state of residency for several of the plaintiffs and/or alleged events that lead to individual cases.

**C. The Related Actions Should be Transferred to the Northern District of Florida for Coordination or Consolidation.**

The Northern District of Florida is well-suited to handle these actions in a multidistrict litigation for many reasons. It is located in a major transportation hub that can handle travel from all over the country. The *Conte, Balero, Badias, Caiola, Bloomfield, Hurd, Tyrell, Martine, Ezovski,* and *Pinelly* actions should be transferred to the Northern District of Florida to be coordinated or consolidated with the pending *Constantine* action there. The JPML previously has recognized the Northern District of Florida as a proper transferee court. *See In re Progressive Corp. Ins. Underwriting & Rating Practices Litig.*, 259 F. Supp. 2d 1370, 1371 (J.P.M.L. 2003); *In re Nicaraguan Contra/Narcotics Trafficking Litig.*, 2000 U.S. Dist. LEXIS 1564, at *3-4 (J.P.M.L. Feb. 16, 2000); *In re Commercial Tissue Prods. Antitrust Litig.*, 1997 U.S. Dist. LEXIS 16060, at *3-4 (J.P.M.L. Oct. 15, 1997); *In re Fairchild Industries, Inc.*, 1989

9

U.S. Dist. LEXIS 15513, at *2 (J.P.M.L. Dec. 5, 1989). The Honorable Robert L. Hinkle, who has been assigned the *Constantine* case, is an accomplished jurist with the skill and experience to guide these actions in a just and efficient manner. Judge Hinkle has been on the federal bench since 1996 and served as Chief Judge for the Northern District of Florida from 2004-2009.[3]

The *Plaintiff's* action is pending in the Northern District of Florida. *Plaintiffs'* complaint was filed on March 6, 2015. The Northern District of Florida's caseload, another important factor in the selection of a transferee court, supports a transfer to that district. *See In re Silica Prods. Liab. Litig.*, 280 F. Supp. 2d 1381, 1383 (J.P.M.L. 2003); *In re: Classicstar Mare Lease Litig.*, 528 F. Supp. 2d at 1347 ("district's general docket conditions permit us to make the *Section 1407* assignment knowing that the court has the resources available to manage this litigation"). The Northern District of Florida has more capacity to preside over an MDL at this time than the Northern or Central Districts of California, Southern District of Florida, Eastern District of North Carolina, Northern District of Illinois, or the Western District of Oklahoma.

The Northern District of Florida is a convenient forum for litigation because it is located in a major metropolitan center, Tallahassee, which is well served by major airlines, provides ample hotel and office accommodations, and offers a well-developed support system for legal services. Alternatively, Plaintiffs request transfer and consolidation in the Eastern District of Louisiana.

## VI. CONCLUSION

For the forgoing reasons, *Plaintiff* respectfully requests that the Panel centralize the actions set forth in the Schedule of Actions filed herewith, as well as any tag-along actions or other cases, such as may be subsequently filed in, or removed to, federal court asserting related

---

[3] *See* http://www.uscourts.gov/JudgesAndJudgeships/BiographicalDirectoryOfJudges.aspx.

or similar claims, in the United Stated District Court for the Northern District of Florida before the Honorable Robert L. Hinkle pursuant to 28 U.S.C. § 1407.  Alternatively, Plaintiffs request transfer and consolidation in the Eastern District of Louisiana.

Dated: March 11, 2015

Respectfully submitted,

*s/ P. Tim Howard*
Tim Howard, J.D., Ph.D.
Florida Bar No.: 655325
tim@howardjustice.com
**HOWARD & ASSOCIATES, P.A.**
2120 Killarney Way, Suite 125
Tallahassee, FL 32309
Telephone: (850) 298-4455
Fax: (850) 216-2537

*Attorney for Plaintiff*